**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

TOMAS SANTA NUNEZ, ET AL.,
   Plaintiffs

v.

METROPOLITAN LIFE INSURANCE
COMPANY, ET AL.,
   Defendants

Civil No. 05-1520(HL)

**OPINION AND ORDER**

     Plaintiff Tomas Santa Nunez, his wife Nilda Santa Perez, and the conjugal partnership formed between them bring this action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq*. ("ERISA") against Metropolitan Life Insurance Company ("MetLife") and Walgreen of Puerto Rico, Inc. ("Walgreen"), seeking judgment for compensatory damages resulting from MetLife's denial of Santa's claim for long term disability benefits under the Walgreen Income Protection Plain for Pharmacists ("the Plan"), an employee benefits plan governed by ERISA.  Before the Court is Defendants' Motion for Judgment on the Pleadings made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (Docket No. 8), Plaintiffs' Opposition to Motion for Judgment on the Pleadings (Docket No. 11), and Defendants' Reply in Support of its Motion for Judgment on the Pleadings (Docket No. 14).  For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings is granted in part and denied on part.

**STANDARD OF REVIEW**

    "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion. '[T]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all

reasonable inferences in his favor.'" *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir.2005)(quoting *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988)). Thus the motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rivera-Gomez*, 853 F.2d at 635; *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir.1998).

## BACKGROUND

The relevant facts according to the complaint are as follows: Tomas Santa Nunez ("Santa") worked for Defendant Walgreen as a licensed pharmacist for sixteen years. Santa was diagnosed with Crohn's diseases and suffers from lumbar bulging, kidney stones and gout. Santa filed a request for short and long term disability benefits, which was ultimately denied. Santa appealed the decision and on June 14, 2004 was notified that MetLife upheld the denial of his claim for disability benefits.

Santa's complaint alleges that MetLife's decision to deny disability benefits was not made in compliance with the Plan or based on substantial evidence of the record. Santa further alleges that MetLife and Walgreen are jointly and severally liable for all damages suffered as a direct result of the intentional, negligent acts of the Defendants' agents in the wrongful denial of Santa's claim.

## DISCUSSION

Defendants seeks to dismiss the complaint on the following grounds: (1) ERISA does not authorize the award of damages sought by the plaintiffs, and (2) ERISA preempts any Puerto Rico Commonwealth law claims. Defendants are entitled to partial judgment on the pleadings.

ERISA governs the rights and responsibilities of parties in relation to employee pension and welfare plans. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650-651 (1995). ERISA establishes a cause of action for plan participants and other beneficiaries "to recover benefits due to him under the terms

of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  ERISA, however, does not establish a cause of action for Santa to recover compensatory or emotional damages, known as extracontractual damages. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (holding that plaintiffs may not recover extracontractual damages for breach of fiduciary duty under ERISA's section 1132(a)(2)); *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 825 (1st Cir. 1988) (holding that plaintiffs may not recover extracontractual damages for violations of any term or provision of the employee benefit plan under section 1132(a)(3)(b)).  Consequently, Santa's claims for extracontractual damages are hereby dismissed.[1]  Santa's claim that the denial of benefits was not based on substantial evidence survives, as it is a valid cause of action under ERISA  *See* 29 U.S.C. § 1132(a)(1)(B).

## CONCLUSION

**WHEREFORE**, Defendants' Motion for Judgment on the Pleadings is hereby **granted in part and denied in part**. Plaintiff's claims against Defendants for extracontractual damages for breach of fiduciary duty and compensatory or emotional damages are hereby dismissed.  Plaintiff's claim seeking to recover benefits survives.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, September 25, 2006.

S/ Héctor M. Laffitte
Senior United States District Judge

---

[1] It appears that Plaintiffs' have extrapolated part of their extracontractual claims from Puerto Rico Commonwealth law, including tort claims under Article 1802 of the Civil Code of Puerto Rico. State law claims for damages are preempted by ERISA.  *See* 29 U.S.C. §1144(a); *Alamo Rodriguez v. MSC Life Ins. Co.*, 283 F.Supp.2d 459, 467 (D.P.R. 2003).